**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-14180

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORGE HERNANDEZ,
   a.k.a. Trolo,
   a.k.a. Cuba,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20109-WPD-1

————————————————

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jorge Hernandez is a federal prisoner serving a 210-month sentence for possession with intent to distribute fifty grams or more of methamphetamine.[1]  Hernandez, proceeding pro se, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2]  On appeal, he argues that the district court erred in finding that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release.  He further contends that the court erred in finding that he did not demonstrate that "extraordinary and compelling reasons" made him eligible for release under U.S.S.G. § 1B1.13(b)(6).  After careful review, we find no error and affirm.

## I.

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion.  *Id.*  "A district court abuses its discretion if it applies an

---

[1] At sentencing, the court found that Hernandez's guideline range was 235 to 293 months.  The court considered the argument that methamphetamine guidelines were overrepresented and sentenced Hernandez as if his guideline range was 168 to 210 months.

[2] Pro se pleadings are held to a less-stringent standard than those drafted by attorneys and are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

## II.

We start with Hernandez's contention that the district court erred in finding that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release.

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam). District courts need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *Tinker*, 14 F.4th at 1237–38. If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *Id.*

The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B), (a)(6).

The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is up to the discretion of the district court. *Tinker*, 14 F.4th at 1241. An acknowledgment that the court considered all applicable § 3553(a) factors, along with "enough analysis that meaningful appellate review of the factors' application can take place," is sufficient. *Id.* at 1240–41 (quotation marks omitted). At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the applicable § 3553(a) factors on which it relied. *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021).

Here, the district court found that the § 3553(a) factors weighed against a sentence reduction. Hernandez contends that he is serving an unusually long sentence that is grossly disparate from the sentence that would be imposed today. In response, the court took into account Hernandez's current methamphetamine and heroin trafficking, as well as his previous cocaine trafficking and attempted murder convictions. The court explicitly stated that it considered Hernandez's individualized considerations and mitigating factors and nonetheless found his sentence appropriate.[3] In addition, the court determined that a lower sentence would not "promote respect for the law or act as a deterrent." The court noted that Hernandez was sentenced to 262 months in prison on November 5, 2002 in three different cases and was concurrently

---

[3] The court considered Hernandez's "prison behavior, educational activities, post-incarceration plans, and alleged guard testimonials."

serving a California sentence for attempted murder. Because his 210-month sentence in this case was less than previous drug trafficking sentences, the court found that there was no significant disparity, and the § 3553(a) factors weighed heavily against reduction.

Accordingly, the district court did not abuse its discretion denying Hernandez's motion for compassionate release because it properly found that the § 3553(a) factors weighed against his release. Thus, we need not reach the issue of whether the court erred in finding that he did not meet the § 1B1.13(b)(6) criteria because the court's unfavorable assessment as to the § 3553(a) factors was alone sufficient to deny his motion.

**AFFIRMED.**